UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EARLIE SPAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3007 |
| | ) | |
| DR. THOMAS BAKER, | ) | |
| DEBRA FUQUA, and | ) | |
| RICHARD YOUNG, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Western Illinois Correctional Center, pursues claims arising from an alleged failure to timely treat a bone infection in Plaintiff's elbow. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such

1

process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

In or around May, 2011, Plaintiff began experiencing problems with his left elbow, including painful swelling.  Defendant Dr. Thomas Baker ordered x-rays and prescribed pain medicine, then a string of antibiotics after the swelling and pain continued to worsen.  Eventually, Dr. Baker told Plaintiff that the elbow was not infected, discontinued the antibiotics, and refused to drain the swelling.  Plaintiff's elbow allegedly continued to worsen.  In September, 2011, some prison nurses allegedly

arranged for Plaintiff to see another doctor, who performed some kind of emergency surgery and ordered Vicodin and antibiotics. Plaintiff was later taken to an orthopedic specialist, who determined that Plaintiff had an infection in his bone and needed reconstructive surgery. He was scheduled to have the surgery in December, 2011, but he is still waiting and his pain and suffering continues. Plaintiff further alleges that Defendant Fuqua, the health care administrator, failed to timely schedule his examinations and treatments.

## ANALYSIS

Plaintiff states a plausible Eighth Amendment claim against Dr. Baker for deliberate indifference to Plaintiff's serious medical needs regarding his elbow. Plaintiff's own description of his symptoms allows a plausible inference that his elbow condition is serious, and Dr. Baker's alleged persistence in pursuing ineffective treatment allows a plausible inference of deliberate indifference. Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005)(doctor's persistence in prescribing ineffective treatment that prolonged pain and suffering violated Eighth Amendment).

Whether a claim is stated against Defendant Fuqua, the health care administrator, is unclear. Fuqua is generally entitled to rely on Dr. Baker's professional treatment decisions. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). However, Plaintiff alleges that Defendant Fuqua failed to timely schedule Plaintiff for examinations and treatment. At this point, an Eighth Amendment claim against Defendant Fuqua will remain in the case for further development.

As for Defendant Warden Young, he too is entitled to rely on Dr. Baker's determinations. However, an outside orthopedist has determined that Plaintiff needs surgery, yet the surgery has not occurred. Whether Warden Young is responsible for that cannot be determined on this record. Additionally, Warden Young may need to be a defendant for purposes of obtaining injunctive relief.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for February 27, 2012, is cancelled. The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Eighth Amendment claims for deliberate indifference to his serious medical needs. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will

require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    7)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of

service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on April 2, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough, by video conference. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED:   2/22/2012

FOR THE COURT:

                                            s/Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE